# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALLACE LAWRENCE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 06-454-RAW-KEW |
| JUSTIN JONES, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently in the custody of the Oklahoma Department of Corrections, challenges his loss of earned credits as the result of a prison disciplinary proceeding. The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his state administrative remedies or the state judicial remedy under Okla. Stat. tit. 57, § 564.1.

Initially, in his response to the respondent's motion to dismiss (Docket #15), petitioner requests the appointment of counsel and an evidentiary hearing.[1] The court finds petitioner has not shown his claim has sufficient merit to warrant appointment of counsel. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The court further finds no evidentiary hearing is necessary to resolve his habeas corpus claims.

The record shows that petitioner received a disciplinary report on May 17, 2006, for

---

[1] These requests for relief should have been presented in separate pleadings, pursuant to Local Civil Rule 7.1(c).

the offense of Individual Disruptive Behavior, after he wrote a letter to someone outside the prison in an attempt to have tobacco smuggled into the facility. Petitioner was present at his May 22, 2006, disciplinary hearing, in which he was found guilty and punishment was imposed. The facility head reviewed and approved the results of the hearing on May 23, 2006. Petitioner's appeal to the warden was denied on May 30, 2005, and his appeal to the DOC Director was rejected for failure to properly submit his appeal. Petitioner was given one opportunity to correct the deficiency in his appeal to the Director. On June 30, 2006, petitioner's second attempt to appeal to the Director also was rejected, because he had not corrected the deficiency.

The respondent alleges petitioner failed to exhaust his remedies by properly presenting his claim to the DOC Director and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. In addition, petitioner did not exhaust his judicial remedies on this claim, pursuant to Okla. Stat. tit. 57, § 564.1.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner claims in his response to the motion to dismiss that the law library at his facility is inadequate, his appeal to the DOC Director was rejected on "the most specious of technicalities imaginable," his letter requesting tobacco never was delivered. He does not, however, argue he has exhausted his state remedies, and he does not show cause for his failure to exhaust.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket #8) is GRANTED, petitioner's motions for appointment of counsel and for an evidentiary hearing (Docket #15) are DENIED, and this action is DISMISSED WITHOUT PREJUDICE in its entirety.

**IT IS SO ORDERED** this 13th day of September 2007.

**Dated this 13th Day of September 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma